IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARY BALES                                                                                                             PLAINTIFF

V.                                 CASE NO. 5:18-CV-5113

NANCY A. BERRYHILL, Acting Commissioner                        DEFENDANT
Social Security Administration

## OPINION AND ORDER

Currently before the Court is the Report and Recommendation ("R&R") (Doc. 13) of the Honorable Erin L. Wiedemann, Chief United States Magistrate Judge for the Western District of Arkansas, filed in this case on April 25, 2019. Plaintiff Mary Bales requests judicial review of the decision to deny her claims for a period of disability and disability insurance benefits ("DIB") under the provisions of Title II of the Social Security Act.

The Magistrate Judge recommends affirming the Administrative Law Judge's ("ALJ") determination that Plaintiff is not entitled to DIB benefits. In Plaintiff's objections (Doc. 14), she argues that the ALJ erred in not giving enough weight to objective tests performed by Dr. H. Gene Chambers, a neuropsychologist, that indicated moderate-severe impairment in processing speed, extreme impairment in attention and concentration, severe impairment in short-term memory, and severe impairment in depression and anxiety. She also argues the R&R does not properly address her subjective complaints and her complaints of tremors.

In light of Plaintiff's objections, the Court has undertaken a *de novo* review of the record, and after doing so, finds that the objections do not justify deviating from the Magistrate Judge's recommendation.

1

## I. LEGAL STANDARD

In reviewing a decision of an ALJ, the Court must determine if the decision is supported by substantial evidence in the record. *Flynn v. Chater*, 107 F.3d 617, 620 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance." *Rodysill v. Colvin*, 745 F.3d 947, 949 (8th Cir. 2014) (quoting *Jones v. Astrue*, 619 F.3d 963, 968 (8th Cir. 2010)). Additionally, substantial evidence is "relevant evidence that a reasonable mind would accept as adequate to support the Commissioner's conclusion." *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000). The Court considers evidence that supports the ALJ's decision alongside evidence that detracts. *Rodysill*, 745 F.3d at 949.

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones*, 619 F.3d at 968; *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Essentially, if "after reviewing the record, the Court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the Court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005).

## II. OBJECTIONS

Plaintiff's first objection stems from the ALJ's decision to give little weight to the objective tests done by Dr. Chambers, one of Plaintiff's treating psychologists, that indicated Plaintiff suffered from moderate-severe impairment in processing speed, extreme impairment in attention and concentration, severe impairment in short-term memory, and severe depression and anxiety. The ALJ offered the following justification for rejecting Dr. Chambers' opinion:

> The two psychological assessments provided by Dr. Chambers are vastly different from all the other treating records showing normal findings. For this reason, I accord the opinions little weight (Exh 2F, 14F).

(Doc. 9 at 30). Plaintiff argued that this analysis was not sufficiently detailed to allow for appellate review and that the R&R did not address the ALJ's failure to comply with 20 C.F.R. § 404.1527, which states the factors that are to be examined when weighing conflicting medical opinions involved in disability claims.

The R&R notes that the ALJ discussed the medical opinions of treating, examining, and non-examining professionals when determining the Plaintiff's residual functional capacity ("RFC"), including the opinions of Drs. DeYoung, Foster, Moon, Chambers, Kelly, Fields, Redd, and Clemens. (Doc. 13 at 19). It is a function of the ALJ to resolve conflicts among the opinions of various treating and examining physicians. *Renstrom v. Astrue*, 680 F.3d 1057, 1065 (8th Cir. 2012). The ALJ may reject the conclusions of any medical expert if they are inconsistent with the record as a whole. *Prosch v. Apfel*, 201 F.3d 1010, 1012 (8th Cir. 2000). After reviewing the record, the Court agrees with the R&R that the ALJ adequately justified giving little weight to Dr. Chambers' opinions. Those opinions contradicted the opinions of all the other examining professionals, and Plaintiff's own self-report of the activities she was able to perform on a daily basis showed that she was not as limited as Dr. Chambers' reports indicated. Accordingly, the first objection is overruled.

Plaintiff's second objection is that the R&R did not properly address Plaintiff's subjective mental complaints. The Court disagrees. The R&R recounted many of Plaintiff's subjective complaints and noted the ALJ properly considered and evaluated these complaints in view of the factors listed in *Polaski v. Heckler*, 739 F.2d 1320,1322

(8th Cir. 1984). Plaintiff claims she cares for her pets, was able to vacation in South Texas, makes breakfast occasionally, pays bills, uses a checkbook, and performs several other tasks. Even if Plaintiff qualified some of these activities by saying she could only perform them "at times" or "occasionally," the ALJ correctly concluded that Plaintiff is still able to engage in gainful activities despite suffering some minor degree of limitation.

Further, one of the *Polaski* factors to especially note is "dosage, effectiveness, and side effects of [her] medication." *See id.* Even though Plaintiff's mental impairments that affected these subjective experiences were only treated conservatively with medication, the medication improved her symptoms. Impairments that can be controlled with treatment or medication are not disabling. *See Estes v. Barnhart*, 275 F.3d 722, 725 (8th Cir. 2002). Furthermore, doctors recommended psychotherapy as part of Plaintiff's treatment plan for her mental health complaints, but she refused to attend therapy at all. It is well-established that "[f]ailure to follow a prescribed course of remedial treatment without good reason is grounds for denying an application for benefits." *Roth v. Shalala,* 45 F.3d 279, 282 (8th Cir.1995). Accordingly, the second objection is overruled.

Plaintiff's third and final objection is that the R&R did not properly address her physical complaints regarding her tremors. An ALJ may discount a claimant's complaint where inconsistencies appear in the record as a whole. *See Polaski*, 739 F.2d at 1322. Plaintiff suffers to some extent from tremors, but she did not demonstrate that her tremors rendered her unable to perform the activities identified in the ALJ's RFC determination. On January 17, 2017, Dr. Moon's clinic notes indicated that Plaintiff's

4

tremor medication was helping. Even prior to this, toward the end of 2016, both Dr. Fields and Dr. Redd determined that Plaintiff was capable of light work with no restrictions. Because the Court finds that the ALJ appropriately considered the medical evidence supporting Plaintiff's claim that she suffered from tremors, and the ALJ nonetheless determined that Plaintiff could perform light work with some limitations, the ALJ's findings are appropriately supported by medical evidence and must be affirmed. Objection three is overruled.

### III.   CONCLUSION

**IT IS THEREFORE ORDERED** that all of Plaintiff's objections to the R&R are **OVERRULED**. The R&R (Doc. 13) is **ADOPTED IN ITS ENTIRETY**, and the findings of the ALJ are affirmed. Judgment will enter concurrently with this opinion.

**IT IS SO ORDERED** on this 25th day of June, 2019.

/s/ Timothy L. Brooks
TIMOTHY L. BROOKS
UNITED STATES DISTRICT JUDGE